# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| John R. Young-Bey, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv1172 (JCC/JFA) |
| | ) | |
| Patricia R. Stansberry, | ) | |
|     Respondent. | ) | |

[Stamped: MAR - 4 2010]

## MEMORANDUM OPINION

John R. Young-Bey, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his parole eligibility date by the Bureau of Prisons ("BOP"). On April 17, 2009, respondent filed a Motion to Dismiss the Petition, or in the Alternative, Motion for Summary Judgment, along with a supporting memorandum and exhibits. Young-Bey was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed both a reply and a motion to dismiss the government's response for "repugnancy." For the reasons that follow, Young-Bey's petition will be dismissed as both successive pursuant to 28 U.S.C. § 2244(a) and an abuse of the writ, and his motion to dismiss the government's response will be denied.

## I. Background

On March 4, 1983, the Superior Court for the District of Columbia sentenced Young-Bey to consecutive terms of imprisonment of twenty years to life for first degree murder, three terms of five to fifteen years for armed robbery, two terms of three to ten years for assault with a dangerous weapon, and three to ten years for carrying a pistol without a license. Resp. Ex. A, Att. 1. On

December 16, 1983, Young-Bey was sentenced in a separate D.C. case to additional terms of five to fifteen years for armed robbery, five to fifteen years for assault with intent to commit robbery while armed, and five to fifteen years for another armed robbery, each to run consecutive to the sentence Young-Bey already was serving, as well as consecutive to one another. Resp. Ex. A, Att. 2. When Young-Bey was received by the D.C. Department of Corrections, the foregoing sentences were aggregated to a minimum term of 54 years and a maximum of life. It also was determined that Young-Bey was entitled to 333 days of pre-sentence jail credit. Resp. Ex. A, Att. 4.[1]

Young-Bey subsequently was transferred to the custody of the Bureau of Prisons ("BOP") to serve out the remainder of his D. C. sentences. After independent computation, the BOP agreed that Young-Bey's aggregate sentence amounted to 54 years to life, and that he was entitled to 333 days pre-sentence jail credit. Resp. Ex. A, Att. 5. It further determined that the sentence for first degree murder carried a 20-year mandatory minimum term, during which Young-Bey would be ineligible for parole or good-time credits. Id. In addition, the BOP deemed Young-Bey entitled to 4,080 days of good time credits, to be applied toward the 34-year non-mandatory portion of his 54-year minimum term. When the credits were applied, Young-Bey's minimum term release or parole eligibility date was determined to be February 1, 2025. Resp. Ex. A, Att. 6.

On December 5, 2005, Young-Bey filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this Court, arguing that the BOP had violated his right to due process by miscalculating his sentence, good time credits, and - most germane here - his parole eligibility dates.

---

[1] On January 27, 1989, Young-Bey was sentenced in this court to an additional consecutive term of 105 months for assault with a shank, assault on a correctional officer, and possession of a shank. That sentence, which is not at issue here, subsequently was reduced to 84 months. United States v. Young, Case No. CR88-234-A (E.D. Va. 1989) (Ellis, J.). Resp. Ex. A, Att. 3.

2

Resp. Ex. B. Among Young-Bey's claims was the contention that he should have been granted a parole hearing, so that he could begin service of other sentences after he served one-third of his minimum sentence. Resp. Ex. B, Motion to Amend at 3. On May 30, 2006, respondent filed an Answer and Motion for Summary Judgment, asserting that the computation of Young-Bey's sentence, including his good time and parole eligibility dates, was correct. Resp. Ex. C. Young-Bey thereupon filed a "Motion for Dismissal Without Prejudice," conceding that "the error of his confinement does not lie with the above Respondent at this time, but exists within the official records of the sentencing court." Resp. Ex. D. Respondent objected that the dismissal should be with prejudice, since Young-Bey had admitted that he was not entitled to relief from the respondent. Resp. Ex. E. This Court agreed, and in an Order dated June 27, 2006, noted that Young-Bey "concede[d] that the respondent's calculations are correct," and dismissed Young-Bey's § 2241 application with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). Young-Bey v. Warden, FCI, No.1:05cv1413 (E. D. Va. June 27, 2006); Resp. Ex. F. Young-Bey did not appeal that judgment.

In this, Young-Bey's second § 2241 challenge to the computation of his sentence, he alleges that he has been deprived of due process because the Parole Commission failed to apply "the old D.C. Law" to his sentence calculation. Pet. Mem. at 3. Had it done so, Young-Bey argues, he would have been eligible for parole in 2005. Id. Respondent has filed a Motion to Dismiss or in the Alternative, for Summary Judgment with a supporting memorandum of law and exhibits, arguing that the petition should be dismissed as successive and an abuse of the writ, and alternatively that Young-Bey's claims are without merit. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply to the government's position as well as a pleading captioned as a motion for dismissal of the

3

government's response for "repugnancy." Respondent has filed a reply. Based on the pleadings and record before this Court, it is uncontested that Young-Bey has exhausted administrative remedies as to his claim (Docket # 4), so this matter is now ripe for review on the merits. For the reasons that follow, the respondent's Motion to Dismiss will be granted, her alternate prayer for Summary Judgment will be denied, as moot, and the petition will be dismissed as successive. Petitioner's motion to dismiss the government's response for "repugnancy" will be denied.

## II. Applicable Law

Title 28 U.S.C. § 2244(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> No circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

It has become well established that § 2244(a), as amended by the AEDPA, bars second or successive § 2241 applications that seek to relitigate issues that were adjudicated in a prior § 2241 proceeding. The Second, Third, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); see Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) (discussing Chambers); Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (noting that § 2244(a) does not reference § 2254 and thus by its terms applies to any habeas corpus application filed a

4

person in custody pursuant to judgment of a United States court); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence."); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. Jackson v. Morris, 8 Fed.Appx. 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (table).

Similarly, prior to the enactment of the AEDPA, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. See George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. United States Parole Comm'n, 639 F.2d 441, 442-43 (8th Cir. 1981). The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

Jurists in the Eastern District of Virginia have weighed in on this question as well. In Zakiya v. Reno, 52 F.Supp.2d 629, 632-634 & n.8 (E.D.Va. 1999), Judge Brinkema held that § 2244, as amended by the AEDPA, did not bar petitioner's successive § 2241 petition raising claims that had not been addressed on the merits in petitioner's previous habeas petitions.[2] Distinguishing Zakiya, Judge Friedman held in Flemming v. Brooks, No. 2:01cv582, 2002 WL 3248847, at * 5 (E.D.Va. June 21, 2002) (adopting the report and recommendation of the magistrate) that § 2244(a) did bar a petitioner's § 2241 successive petition alleging the same grounds as were denied on the merits by

---

[2] The Court, however, made no distinction between § 2244(a) and § 2244(b), which refers specifically to second or successive claims brought pursuant to § 2254.

the United States District Court for the Northern District of West Virginia and the United States Court of Appeals for the Fourth Circuit. In Singletary v. Dewalt, No. 2:04cv623, 2005 WL 1162940, at * 4 (E.D.Va. Apr. 5, 2005) (unpublished), Judge Miller made a nearly identical report and recommendation with respect to a successive § 2241 petition alleging the same grounds as were denied on the merits by the United States District Court for the District of Columbia.³ In Gates v. Stansberry, No. 1:07cv1212, 2008 WL 2165998 (E.D. Va. May 23, 2008) (unpublished), aff'd, 298 Fed. Appx. 249, 2008 WL 4726256 (4th Cir. Oct. 29. 2008) (unpublished), Judge O'Grady applied § 2244(a) to dismiss as successive a § 2241 challenge to a revocation of parole. Although the Fourth Circuit has yet to address this issue, it has upheld a district court's order dismissing a § 2241 habeas petition as "an unauthorized second or successive motion" under § 2244(a) in at least two unpublished opinions. Trader v. United States, 191 F.3d 448 (4th Cir. 1999) (table); Gates, 298 Fed. Appx. at 249.⁴

The filing of a second or successive habeas application that seeks to raise a claim that was or could have been litigated in an earlier proceeding is also precluded by the common law. In McCleskey v. Zant, 499 U.S. 467 (1991), the Supreme Court explained that by prohibiting prisoners from filing multiple petitions for relief from the same judgment, the "abuse of the writ" doctrine serves the important ends of finality, resource efficiency, certainty, and stability. Id. at 491-96. The Court outlined the contours of the doctrine in detail, as follow:

> When a prisoner files a second or subsequent application, the

---

³ The district judge adopted Judge Miller's Report and Recommendation. Singletary v. Dewalt, No. 2:04cv623, docket entry No. 9.

⁴The unpublished opinions cited in this Memorandum Opinion are contained in the record at Resp. Ex. H.

> government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes the petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

Id. at 494-95.

Subsequently, in Zayas v. Immigration & Naturalization Service, 311 F.3d 247, 256-57 (3d Cir. 2002), the Third Circuit considered whether the enactment of the AEDPA five years after the Supreme Court decided McCleskey precluded application of the "abuse of the writ" doctrine to second or successive § 2241 applications, and concluded that it did not, because the "AEDPA dealt with habeas petitions under § 2254 and § 2255 by building on McCleskey rather than supplanting it." Id. at 257; accord, Queen, 530 F.3d at 255. Since Zayas, the Fourth Circuit has affirmed by unpublished opinion numerous decisions by district courts where a second or successive § 2241 petition was dismissed as an abuse of the writ. See, e.g., Griffin v. U. S. Parole Commission, No. 3:02cv936, 2003 WL 23961849 (E.D. Va. Nov. 19, 2003), aff'd, 94 Fed. Appx. 993, 2004 WL 859402 (4th Cir. 2004) (unpublished); see also, Jackson v. Snyder, No. 5:05-HC-811-H, 2007 WL 4124348 (E.D.N.C. Sept. 5, 2007), aff'd, 239 Fed. Appx. 779, 790 n., 2007 WL 2555340 (4th Cir. 2007) (unpublished); Williams v. Wendt, No. 1:04cv136, 2006 WL 1004806 (N.D.W.Va. Apr. 7, 2006) (unpublished); Staino v. U. S. Parole Commission, No. 5:04-HC-962-FL, 2005 WL 5726582

7

at *3 (E.D.N.C. Nov. 23, 2005) (unpublished).

## III. Analysis

Consideration of Young-Bey's present claim that he has been deprived of due process because the BOP erred in calculating his parole eligibility date is precluded both by § 2244(a) and as an abuse of the writ. In his prior § 2241 proceeding before this Court, Young-Bey in pertinent part initially challenged the BOP's calculation of his parole eligibility date, Resp. Ex. E, but eventually conceded "that the respondent's calculations are correct" Resp. Ex. F at 1, and moved to voluntarily dismiss his habeas application. This Court dismissed the petition with prejudice pursuant to Fed. R. Civ. P. 41 (a)(2), id. at 2, and no appeal was taken of that decision. It is well established in this circuit that such a voluntary dismissal with prejudice under Rule 41 (a)(2) constitutes a complete adjudication on the merits of the dismissed claim. See, e.g., Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir. 1991). Therefore, the claim Young-Bey asserts here was adjudicated on the merits in a prior § 2241 proceeding, and this successive petition is barred from consideration by § 2244(a).

In addition, Young-Bey's claim is also precluded from consideration because it represents an abuse of the writ. Respondent has met her initial burden as outlined in McCleskey by identifying the claim Young-Bay raised in his first habeas petition, abandoned in his motion for voluntary dismissal, and now seeks to raise again: that is, the claim that his parole eligibility date was improperly calculated, so that his parole eligibility hearing has been unlawfully delayed. Resp. at 1 - 2.[5]

---

[5]To the extent that Young-Bey might argue that the claim expressed here differs from that raised in his earlier § 2241 proceeding on the ground that he alleges here that the Parole Commission was responsible for the improper calculation of his parole eligibility date, whereas he previously

8

In an apparent attempt to satisfy the cause and prejudice standard, as required by McCleskey, Young-Bey first protests in his reply to the response that the respondent has "negligently or maliciously" mischaracterized his claim, which he then articulates for the first time as being the argument that the BOP has relied on a conviction which was not his, entered in case number F2737-82, in arriving at his sentence computation.[6] He argues that the conviction could not have been his because the offense occurred while he was incarcerated; the record of case number F2737-82 reflects a birth date of 1949 for the perpetrator, while he was born in 1952; and he was not in court on December 16, 1983, when the sentence for case number F2737-82 was imposed. However, exhibits supplied by the respondent in connection with her reply to these assertions demonstrate that they are both incorrect and disingenuous.

Young-Bey was arrested by D.C. authorities on April 5, 1982, for a crime which occurred on March 16, 1982. Reply Ex. A, Att. 1 - 2. While in custody for that offense, Young-Bey was both arrested and charged on May 14, 1982, for additional D. C. offenses in case number F2737-82. Id.;

---

contended that the fault lay with the BOP, such a distinction is irrelevant. Young-Bey has offered no reason why his current claim against the Parole Commission could not have been raised in that prior action.

[6]Respondent argues that Young-Bey's claim that the judgment entered in case number F2737-82 is not attributable to him is not properly before the court in this § 2241 proceeding, because it attacks the validity of his detention rather than the execution of his sentence. Reply at 3 - 6. To the extent that Young-Bey's argument is interpreted as a free-standing claim for relief, respondent is correct: such a challenge would be cognizable only if brought in the D.C. Superior Court pursuant to D.C. Code § 23-110, which provides a remedy akin to 28 U.S.C. § 2255 for prisoners sentenced in that tribunal. See Swain v. Pressley, 430 U.S. 372 (1977). However, it appears that Young-Bey's claim of misidentification in connection with case number F2737-82 also can fairly be read as an attempt to avoid application of the abuse of the writ doctrine to the instant petition. Accordingly, in this Memorandum Opinion the argument is considered solely in the latter context, rather than as a direct challenge to the legality of Young-Bey's detention pursuant to the conviction entered in F2737-82.

Reply Ex. B. The records indicate that case number F2737-82 was filed on May 14, 1982 but, contrary to Young-Bey's contention, they contain no indication that the offense was committed on that date. Thus, Young-Bey's contention that he could not have committed the offenses charged in case number F2737-82 because he was incarcerated when it occurred finds no support in the record.

More egregious is Young-Bey's assertion that he could not have perpetrated the crime in case number F2737-82 because he was born in 1952, and the birth date of the defendant in that case is indicated as 1949. However, as respondent's exhibits demonstrate, the discrepancy is readily explained by the fact that more than one birth date is listed in Young-Bey's National Crime Information Center record. As petitioner himself undoubtedly is aware, at various times he has used the names John Rufus Young, John R. Young, John Young, John R. Young-Bey, and John Rufus Young-Bey, and he has given his birth date as both 1949 and 1952. Reply Ex. A, ¶ 7. Therefore, petitioner's reliance on the differing birth dates to attempt to disclaim ownership of the conviction in case number F2737-82 is patently meritless.

Young-Bey's assertion that he did not appear in court on December 16, 1983, and so could not have been sentenced in case number F2737-82 on that date, is simply mistaken. The Judgment and Commitment Order for that case show that John R. Young-Bey was sentenced in the D.C. Superior Court on December 16, 1983, Reply Ex. A, Att. 3, and notes of a subsequent hearing before the D. C. Parole Board also reflect that Young-Bey "was sentenced additionally to a term of 10 to 30 years consecutive in Case No. F2737-82" on December 16, 1983. Id., Att. 5. Thus, to the extent that Young-Bey attempts to show that cause and prejudice for the filing of this successive § 2241 application is demonstrated by the erroneous attribution to him of the conviction in F2737-82, his argument fails.

Young-Bay also makes conclusory references in his initial petition and his reply to the response to the "deliberate bypass" standard, which in his view was employed by the Parole Commission to deprive him of a timely hearing. The precise nature and context of Young-Bey's reliance on the deliberate bypass concept are unclear, but suffice it to say that since the deliberate bypass standard established in Fay v. Noia, 372 U.S. 391 (1963) was overruled in favor of the cause and prejudice inquiry in 1991, Coleman v. Thompson, 501 U.S. 722 (1991), it can have no applicability in this case. Petitioner in his reply also makes cryptic reference to a "miscarriage of justice," but the ends of justice do not require further inquiry in this case because petitioner has presented no evidence to demonstrate his actual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 445-54 (1986).

Lastly, because this successive petition is subject to dismissal pursuant to § 2244(a) and as an abuse of the writ, the Court will refrain from adjudicating respondent's alternate argument that the claim expressed lacks substantive merit, since to do so in the Court's view would abrogate the important policies those doctrines are designed to serve. McCleskey, 499 U.S. at 491-96.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this successive application for relief under § 2241 will be dismissed, with prejudice. Respondent's alternative Motion for Summary Judgment will be denied, as moot, and petitioner's motion to dismiss the government's response for "repugnancy" will be denied. An appropriate Order shall issue.

Entered this _7_ day of _April_ 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge